RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE __11, 13, 08__
_6B_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MICHAEL WAYNE MURRAY | DOCKET NO. 2:03-CR-20116 |
| Fed. Reg. No. 12097-035 | |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

## REASONS FOR JUDGMENT AND JUDGMENT

Michael Wayne Murray, a prisoner in the custody of the Federal Bureau of Prison, who is currently incarcerated at the Federal Correctional Complex, Forrest City, Arkansas, filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 on October 28, 2005; he filed another virtually identical Motion to Vacate on July 9, 2007. Murray attacks his February 25, 2004 conviction for possession of a firearm by a convicted felon [18 U.S.C. §922(g)] and the 180 month minimum mandatory sentence imposed on October 25, 2004 pursuant to 18 U.S.C. §924.

### *Background*

On December 10, 2003 Murray was indicted by the grand jury and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). [rec. doc. 1] On February 25, 2004 he pled guilty to the charge [rec. docs. 23, 24, 25, 26, and 27]. On October 25, 2004 he was sentenced to serve 180 months in custody. [rec. doc. 32, 33]

On May 31, 2005 Murray filed a *pro se* Motion for Appeal. [rec. doc. 35] His motion was denied as untimely on August 24, 2005. [rec. doc. 36] On September 9, 2005 he filed a *pro se* Notice of Appeal seeking review of the order denying his Motion for Appeal. [rec. doc. 37]

On October 28, 2005 he filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255 raising the following claims for relief: (1) conviction obtained by guilty plea which was not made

voluntarily or intelligently; (2) ineffective assistance of counsel during pre-trial, plea, and sentencing stages; (3) actual innocence of the Armed Career Criminal enhancement; and (4) denial of the right to appeal and the right to effective assistance of appellate counsel. [rec. doc. 41]

On January 20, 2006 the appeal record was transmitted to the Fifth Circuit Court of Appeals. [rec. doc. 42] On April 10, 2006, the Fifth Circuit remanded the appeal and directed this court to determine if Murray's September 9, 2005 Motion for Appeal was timely. [rec. doc. 43] On April 28, 2006 the undersigned concluded that the September 9, 2005 Motion was indeed timely.[1] [rec. doc. 44] In due course, on August 14, 2006, Murray was granted *in forma pauperis* status on appeal. [rec. doc. 46] On November 3, 2006 his appeal was dismissed for want of prosecution because Murray failed to timely file a brief in the Fifth Circuit. *United States of America v. Michael Wayne Murray*, No. 05-30899. [rec. doc. 47]

On July 9, 2007 Murray submitted another Motion to Vacate arguing only the first three grounds raised in his original Motion. (Murray omitted his claim that he was denied the right to appeal and ineffective assistance of appellate counsel.) [rec. doc. 48]

In due course, the Motions were served [rec. doc. 52] and on October 24, 2008, the government filed its response to the Motions to Vacate. [rec. doc. 54]

### *Law and Analysis*

#### *1. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28

---

[1] As noted therein, the undersigned denied Murray's Motion for Appeal as untimely on August 25, 2005; however, Murray did not receive notice of the denial until September 6, 2005. Since Murray signed his Motion for Appeal on September 9, 2005, the filing was considered timely. [rec. doc. 44]

U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). A defendant may not raise a Constitutional issue for the

first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

### 2.*Grounds for Relief*

In his original Motion, Murray argued four claims for relief: (1) that his conviction was obtained by guilty plea which was not made voluntarily or intelligently; (2) that he received ineffective assistance of counsel during pre-trial, plea, and sentencing stages; (3) that he is actually innocent of the Armed Career Criminal enhancement; and (4) that he was denied the right to appeal and that he received ineffective assistance of appellate counsel. In his

subsequent Motion, filed after the dismissal of his *pro se* appeal, Murray omitted the final claim concerning the denial of his right to appeal. [rec. docs. 41 and 48] Each of these claims has been examined. Murray's claims have been determined to be without merit.

### a. Involuntary Guilty Plea

In his first claim for relief, Murray claims that he "... never understood the facts as the law applied to them and he was brow beat into pleading guilty by his attorney who never apprised him that he had a plausible line of defense..." [rec. doc. 48] He also claims that the Court's advice of rights was deficient, that there was no factual basis for the plea, and that he was incompetent and therefore his plea was not a knowing and intelligent one. [*id.*] Of course, petitioner did not raise this claim on appeal, and that procedural default now prohibits review of the claim in this collateral attack, absent proof of cause and prejudice or actual innocence. [see Part 1 – "Scope of Review", *supra*; see also *Bousely v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (" 'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.' *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984) (footnote omitted). And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. *Habeas* review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, 'the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.' *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085,

2087, 60 L.Ed.2d 634 (1979).").

The undersigned has again reviewed the transcript of the plea and associated documents and again concludes that Murray's plea was knowing and voluntary. The transcript of the plea colloquy refutes each of Murray's claims. Under oath, Murray stated that he had a 10th grade education and could read, write, speak and understand English. [Plea Transcript, p. 3] He denied the consumption of narcotics, medicine or alcohol within the 24 hour period preceding his plea. [*id.*, p. 4] He admitted to the Court that he understood the nature and elements of the offense in question [*id.*]; that he was satisfied with the representation provided by his court-appointed attorney [*id.*, p. 5]; that he was satisfied that counsel understood the facts and circumstances surrounding the government's case [*id.*]; and, that he felt it was in his best interest to enter the plea [*id.*]. He was advised of, and indicated that he understood his rights to trial by jury, the presumption of innocence and the government's burden of proof beyond a reasonable doubt; the right to compulsory process and confrontation of witnesses, and his right to refuse to incriminate himself. [*id.*, pp. 5-6] He also acknowledged that his guilty plea would operate as a waiver of those constitutional guarantees and indicated his desire to do so. [*id.*, p. 7] The indictment was read to him and he acknowledged that he understood the allegations and that each allegation of the indictment was true; he likewise was advised of the elements of the offense and acknowledged that he understood the elements and that the government could prove each element if called upon to do so. [*id.*, pp. 8-11] He further acknowledged the range of penalties that his conviction exposed him to, including the minimum mandatory penalty of 15 years imprisonment. [*id.*, p. 15] Further, he acknowledged that his plea was not the product of threats, [*id*, p. 16], or promises (other than those contained in the plea agreement), or any predictions

concerning the ultimate sentence to be imposed. [*id.*, p. 18]

The undersigned was convinced at the time of Murray's plea "... that this plea was knowingly, intentionally, and voluntarily made." [*id.*, p. 36] Other than Murray's self-serving and conclusory allegations to the contrary, no evidence has been submitted to cast any doubt on that conclusion. Murray's plea was free and voluntary and he is not entitled to relief on Claim One.

### *b. Claim Two – Ineffective Assistance of Counsel*

In his second claim, Murray contends that his court-appointed attorney rendered ineffective assistance at the pretrial, plea and sentencing stages. In particular he maintains, "Counsel failed to conduct a reasonable pretrial investigation by contacting occurrence witnesses and other witnesses who had communicated with Petitioner at or about the time of the crime and failed to seek the assistance of a mental health professional given Petitioner's stark inability to appreciate the nature and quality of his actions sharing everyone in the face squarely."

This court must apply the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), to challenges to guilty pleas based on ineffective assistance of counsel. See *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on his ineffective assistance of counsel claim, Murray must show that: (1) his counsel's performance, judged on the facts of the case, viewed as of the time of counsel's conduct, fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 687-694; *Hill*, 474 U.S. at 59.

Notwithstanding his claim to the contrary, the proof of Murray's guilt was overwhelming. His only "defense" was ignorance of the law – which, as pointed out by the government is no

defense at all. See *United States v. Shelton*, 325 F.3d 553 (5th Cir. 2003). By his own admission, Murray, a convicted felon, possessed the firearm in question as alleged by the government. He has not shown how any amount of investigation would have encouraged him to go to trial rather than plead guilty. Nor has he provided any evidence to support the implication that he was mentally incompetent when he entered the plea.

Thus, Murray's second claim is without merit.

### c. Petitioner is actually innocent of being an Armed Career Criminal

Murray claims that his prior convictions for simple burglary and purse snatching were "...not sufficiently reliable evidence that petitioner committed a 'violent crime' ... needed to vault his sentence as an armed career criminal." He also faults counsel for failing to raise and litigate this issue at sentencing. As noted by the government, this claim is procedurally defaulted since it was not raised on appeal. Additionally, it is without merit.

Murray was sentenced pursuant to the provisions of 18 U.S.C. §924(e); he was subject to a minimum mandatory sentence of 15 years because of his three prior convictions for violent felonies. The relevant portion of that statute provides, "A 'violent felony' is any crime punishable for more than one year which (1) has an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B).

Murray admits, and the record confirms, that he was previously convicted of simple burglary in 1983 and purse snatching in 1984. The Bill of Information charging Murray with purse snatching alleged, "the defendant committed the theft of money contained in the purse by

taking the purse from the rightful owner <u>by use of force, intimidation, or by snatching</u>..." See PSI at ¶25. Further, the PSI established that the burglary was a <u>simple burglary of a business</u> – a hardware store. PSI at ¶24.

For a statute to constitute generic burglary, it must contain at least the following elements: "(1) an unlawful or unprivileged entry into, or remaining in, (2) a building or structure, (3) with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). Louisiana's simple burglary statute contains all three elements. (see La. R.S.14:62 – "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein...") The fact that Murray was convicted of burglarizing a hardware store establishes that his offense involved the entry into a building or structure.

Likewise, purse snatching is defined as "... the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching..." See La. R.S.14:65.1.

Further, Murray's reliance on *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), is misplaced. In *Shepard*, the Court discussed the quality of information that could be relied upon in determining whether a prior burglary conviction qualified as a crime of violence under the ACCA. As shown above, Louisiana's burglary statute describes a "generic burglary" as that term was previously defined in *Taylor, supra*.

*Shepard*, on the other hand merely holds that ".. enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a <u>nongeneric statute</u> necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea

agreement or transcript of colloquy between judge and defendant in which the factual basis for

the plea was confirmed by the defendant, or to some comparable judicial record of this

information." *Shepard v. United States*, 544 U.S. at 13, 125 S.Ct. At 1263. Thus, as noted in the

PSI, Murray's conviction under Louisiana's generic burglary statute was appropriately

determined to be a crime of violence justifying the imposition of the minimum mandatory

sentence in this case.

In short, Murray has not demonstrated that he is "actually innocent" of the Armed Career

Criminal enhancement; nor has he shown that counsel was ineffective for failing to raise the

issue prior to sentencing.

### d. Denial of Right of Appeal

As previously noted, Murray complained that he was denied his right to appeal in his

original § 2255 Motion filed on October 28, 2005 [rec. doc. 41]; however, in the amended

motion filed on July 9, 2007, he omitted any reference to the claim. [rec. doc. 48] It is therefore

assumed that he has voluntarily dismissed this claim.

Nevertheless, and out of an abundance of caution, the claim will be addressed.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985

(2000), the Court specifically noted, "... a defendant who explicitly tells his attorney not to file an

appeal plainly cannot later complain that, by following his instructions, his counsel performed

deficiently." Here, counsel did consult with Murray, and, Murray instructed him to forego the

appeal. [see rec. doc. 54-3, Government's Exhibit A] That was a logical decision at the time

since Murray's voluntary guilty plea waived all non-jurisdictional defects. *United States v.*

*Smallwood*, 920 F.2d 1231, 1240 (5th Cir.1991); also *United States v. Bell*, 966 F.2d 914, 915

(5th Cir.1992) (collecting Fifth Circuit cases). Further, as shown above, there were no errors that would have supported an appeal of the sentence. The minimum mandatory sentence was imposed and, based on counsel's request, was ordered to run concurrently with the 12-13 year parole revocation sentence in Louisiana.

Further, Murray did in fact timely move for a pro se appeal, but, through his own neglect, allowed that appeal to be dismissed. His right to an appeal was not denied and his claim to the contrary is not supported by the record.

### 3. Conclusion

Murray's guilty plea was freely and voluntarily made with complete understanding of its consequences. By his own admission, he was guilty of the offense charged; and the government's case against him was solid. He therefore suffered no demonstrable prejudice by entering the plea since it is clear that even if he could show deficient performance by counsel, he cannot show prejudice. Further, Murray has not demonstrated that his sentence was wrongfully imposed or that he is actually innocent of the ACCA enhancement. Finally, he has failed to demonstrate that he was denied his right to appeal. Therefore,

**IT IS ORDERED** that Murray's Motion to Vacate pursuant to 28 U.S.C. § 2255 (rec. docs. 41 and 48) be and it is hereby **DENIED**.

In Chambers, Lafayette, Louisiana _____ Nov 12th _____, 2008.

RICHARD T. HAIK, SR.
CHIEF JUDGE